UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:23-cv-00823

WILLIAM ALLAN BRADLEY,

    Plaintiff,

V.

ENTERTAINMENT ARTS RESEARCH, INC.,

    Defendant.

COMPLAINT and
JURY TRIAL DEMAND

COMES NOW Plaintiff, William Allan Bradley ("Plaintiff" or "Mr. Bradley"), by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against the Defendant Entertainment Arts Research, Inc. ("EARI"), stating as follows:

### I. PARTIES

1. Plaintiff is a citizen of Canada.

2. Defendant EARI is a foreign corporation with its principal place of business in Mecklenburg County, North Carolina, located at 19109 West Catawba Avenue, Suite 200, Cornelius, NC 28031.

### II. JURISDICTION AND VENUE

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over Counts I-II of this Complaint, based on the amount in controversy exceeding $75,000.00 and diversity of citizenship between Plaintiff and Defendant.

4. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place in Mecklenburg County, North Carolina.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. FACTUAL ALLEGATIONS

6. On November 22, 2021, Plaintiff received an offer letter from Defendant, Entertainment Arts Research, Inc. ("EARI"), through Bernard Rubin, its Chief Executive Officer (the "Offer Letter").

7. The Offer Letter indicated Plaintiff would work as Chief Financial Officer in exchange for $6,250.00 cash compensation per month, 115,740 common shares of EARI, and bonus payments of one share of common stock in EARI per dollar of completed acquisitions.

8. In the Offer Letter, Defendant represented to Plaintiff that all equity issued pursuant to the Offer Letter would be subject to a leak-out provision, which allowed 25% to be sold after a 6-month holding period, 50% after a 12-month holding period, 75% after an 18-month holding period, and 100% after a 24-month holding period. Attached as Exhibit 1 is a true and accurate copy of the fully executed Offer Letter.

9. The offer letter listed Defendant's business as located in Cornelius, NC, and the "Main" office number has a "980" area code, which is in the Charlotte area.

10. Plaintiff began work for Defendant in December 2021.

11. Mr. Rubin was Plaintiff's direct supervisor.

12. Mr. Rubin performed his job functions while in North Carolina.

13. Plaintiff regularly communicated with Mr. Rubin regarding his work, which primarily involved daily discussions about potential acquisitions and project statuses, review of documents related to acquisitions, and providing professional advice and guidance.

14. As Chief Executive Officer, Mr. Rubin was directly involved in the management of EARI.

15. Mr. Rubin had complete control over payment of wages for employees of EARI.

16. By December 26, 2021, Plaintiff secured an acquisition of Bell City Brewing Company

("BCBC") on behalf of Defendant.

17. Pursuant to the terms of that Acquisition, Defendant EARI would become the sole owner of Bell City Brewing Company Inc. and Plaintiff would be entitled to 1.6 million common shares from BCBC and 812,500 preferred shares from EARI.

18. After four months working for Defendant, Plaintiff received no compensation for his time worked.

19. Specifically, Plaintiff did not receive the promised cash compensation in the amount of $6,250.00 per month and did not receive the stock compensation.

20. When Plaintiff inquired about the status of his pay, Mr. Rubin assured Plaintiff that he would be paid "soon" with no further action.

21. In March 2022, based on Defendant's failure to abide by the terms of their agreement in the Offer Letter, Plaintiff ceased all work for Defendant.

## IV. CLAIM FOR RELIEF

### COUNT I
### BREACH OF CONTRACT

22. Plaintiff incorporates by reference paragraphs 1-23 of his Complaint as if fully set forth herein.

23. Plaintiff and Defendant EARI entered into a valid contract when Plaintiff accepted the Offer Letter in November 2021.

24. Defendant EARI breached the valid contract by failing to pay Plaintiff his earned wages.

25. Defendant's breach is the actual and proximate cause of Plaintiff's damages.

### COUNT II
### UNJUST ENRICHMENT
### PLEAD IN THE ALTERNATE

26. Plaintiff incorporates by reference paragraphs 1-26 of his Complaint as if fully set forth

herein.

27. Plaintiff reasonably believed he would be compensated based on performing services on Defendant's behalf.

28. Defendant has benefited from its receipt of payment for Plaintiff's services.

29. Defendant knowingly and actually accepted these benefits.

30. When the benefits were accepted, Defendant knew, or should have reasonably known, that Plaintiff expected payments in accordance with the representations made by Defendant regarding Plaintiff's compensation.

31. If Defendant fails to make a payment to Plaintiff for the sums due, Defendant will be unjustly enriched as they defaulted on their obligation to make full and prompt payment to Plaintiff while simultaneously receiving the benefit and use of Plaintiff's services.

32. Defendant, in equity and good conscience, should be compelled to make a payment to Plaintiff for the sums owed to him for providing services on Defendant's behalf, including but not limited to securing the acquisition of BCBC.

33. Plaintiff has suffered damages as a result of Defendant's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. An Order finding Defendant breached its contract with Plaintiff to pay a monthly salary of $6,250 and also provide Plaintiff with stock compensation;

c. An Order awarding compensatory damages for Defendant's breach of contract;

d. An Order finding Defendant was unjustly enriched by accepting Plaintiff's services without compensation and award damages equal to the promised wages and value

of the stock compensation due to Plaintiff; and

e. Any other relief this Court deems proper and just.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 1st day of December, 2023.

s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, NC 28277
Telephone: (704) 612-0038
Facsimile: (704) 612-0038
Email: phil@gibbonslg.com
          corey@gibbonslg.com

Rachel B. Canfield, GASB #488716
*Pro hac vice forthcoming*
**KIRBY G. SMITH LAW FIRM, LLC**
4488 North Shallowford Road, Suite 105
Atlanta, GA 30338
Telephone: (844) 454-7529
Facsimile: (877) 352-6253
Email: rbc@kirbygsmith.com

*Attorneys for Plaintiff*